UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT DIMITRI,

                        Plaintiff,                    9:24-CV-0273
                                                                      (AMN/CFH)

      v.

SERGEANT ERIC VELIE, et al.,

                        Defendants.

---

APPEARANCES:

ROBERT DIMITIRI
Plaintiff, pro se
22-B-2482
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Robert Dimitri ("plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Compl."). In a Decision and Order filed on May 10, 2024 (the "May Order"), the Hon. Anne M. Nardacci reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A and directed defendants Sergeant Eric Velie ("Velie") and Lieutenant Butler ("Butler") to respond to plaintiff's Eighth Amendment claims. *See* Dkt. No. 8 at 15. The Court dismissed plaintiff's claims related to

FOIL requests and the grievance process, with prejudice, and dismissed all remaining claims, without prejudice, for failure to state a cause of action upon which relief could be granted. *See id.* Plaintiff was directed to provide copies of his complaint for service upon defendants. Dkt. No. 10.

In June 2024, in lieu of copies of the complaint, plaintiff filed two submissions with the Court. Dkt. Nos. 11 and 12. The submission at Dkt. No. 11 is entitled "amended complaint" and the submission at Dkt. No. 12 includes "documents relevant to the case."

## II. DISCUSSION

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. A party may amend, as of right, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15. An amended complaint is intended to replace and supercede in its entirety the previous complaint. Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. *See Dluhos v. Floating & Abandoned Vessel,* 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). This requirement is buttressed by the Local Rules of Practice of this District ("Local Rules"), which provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *See* N.D.N.Y.L.R. 15.1(a). The Local Rules further state that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." *Id.* One of the purposes of the requirement that an amended

complaint be itself a complete pleading, is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. *See Walker v. Fischer*, No. 10-CV-1431 (MAD/DEP), 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012) (citation omitted). This requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Chapdelaine v. Keller*, 9:95-CV-1126 (HGM/GS), 1999 WL 34998130, at *1 (N.D.N.Y. Sep. 28, 1999).[1] In other words, an amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action.

"While we have insisted that the pleadings prepared by [ pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. U.S., 508 U.S. 106 (1993). Compliance with this Court's local rules is "not merely technical in nature." *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 508 (N.D.N.Y. 2009).

Plaintiff's submission (Dkt. No. 11) is not in compliance with N.D.N.Y. Local Rule 15.1. The submission does not include plaintiff's original claims against Velie and Butler and does not indicate whether plaintiff intends to abandon those claims or supersede those allegations with his submission. While the submission includes a caption, the caption does not contain the names of the current defendants and the document does not include a list of parties, causes of action, any request for relief, and is not signed. As explained above, plaintiff may not submit an amended complaint and at the same time proceed with the original complaint.

---

[1]   Copies of unpublished cases have been provided to plaintiff.

Compliance with this Court's local rules is "not merely technical in nature." *See Cusamano*, 604 F.Supp.2d at 508.

At this juncture, the Court will not accept the submissions (Dkt. Nos. 11 and 12) as the amended complaint. The complaint (Dkt. No. 1) remains the operative pleading.[2] In light of plaintiff's pro se status, the Court affords plaintiff an extension of time to provide copies of the complaint (Dkt. No. 1) for service upon defendants.

### III. CONCLUSION

**WHEREFORE,** it is hereby

**ORDERED** that the Clerk shall amend the Docket Report in accordance with this Order; and it is further

**ORDERED** that the Clerk is directed to amend the Docket Report and rename Docket Number 11 as a "Submission from plaintiff."

**ORDERED** that plaintiff must comply with the directives set forth in the May Order and provide copies of the complaint for service within **THIRTY (30) days**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice**.**

**Dated:** August 14, 2024
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[2] In light of plaintiff's pro se status, the Clerk of the Court accepted the submissions for filing. The Court advises plaintiff, however, that the Court will not review documents except to the extent that plaintiff specifically identifies and references them in connection with a properly filed motion or pleading. The Court docket is not intended to serve as a repository for plaintiff's records.