UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT DIMITRI,

                               Plaintiff,

    v.                                      9:24-cv-00273 (AMN/PJE)

ERIC VELIE, *et al.*,

                               Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|

**ROBERT DIMITRI**
22-B-2482
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011
Plaintiff *pro se*

| **HON. LETITIA JAMES** | **CHI-HSIN E. ENGELHART, ESQ.** |
|---|---|
| New York State Attorney General | Assistant Attorney General |
| The Capitol | |
| Albany, New York 12224 | |
| *Attorneys for Defendants* | |

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I.    INTRODUCTION

On February 26, 2024, plaintiff *pro se* Robert Dimitri ("Plaintiff"), who was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at all relevant times, commenced this action pursuant to 42 U.S.C. § 1983 in connection with alleged misconduct that occurred at Great Meadow Correctional Facility ("Great Meadow") on September 16, 2023 and September 17, 2023. *See* Dkt. No. 1. Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4, 8. On May 10, 2024, the Court,

on initial review pursuant to 28 U.S.C. § 1915, dismissed all but Plaintiff's Eighth Amendment excessive force claims against Defendants Velie and Butler ("Defendants"). Dkt. No. 8 at 15.[1] On September 30, 2024, Plaintiff amended his complaint, *see* Dkt. No. 17, and on November 20, 2024, the Court, on initial review, again dismissed all but Plaintiff's excessive force claims against Defendants Velie and Butler. Dkt. No. 20 at 12. On May 19, 2025, Defendants filed a motion to dismiss and a motion for summary judgment pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. Dkt. No. 34 ("Motions"). The parties have fully briefed the Motions. *See* Dkt. Nos. 39, 42. This matter was referred to United States Magistrate Judge Paul J. Evangelista, who, on February 5, 2026, issued a Report-Recommendation and Order ("Report-Recommendation") recommending that Defendants' Motions be denied. Dkt. No. 45 at 36. Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. Defendants timely filed objections on February 19, 2026, *see* Dkt. No. 46, and Plaintiff filed a response on March 2, 2026. Dkt. Nos. 47, 48.

For the reasons set forth below, the Court adopts the Report-Recommendation.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal

3

framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

### A. Motion to Dismiss

Defendants object to Magistrate Judge Evangelista's determination that the Court may consider Plaintiff's exhibits, *see* Dkt. No. 1 at 7-47, which are attached to his original Complaint, but not his Amended Complaint, in evaluating Defendants' motion to dismiss. *See* Dkt. No. 46 at 5-7. Specifically, Defendants contend that the Report-Recommendation erred in considering Plaintiff's exhibits to be incorporated by reference in the Amended Complaint or as a written instrument attached to it under Rule 10(c) of the Federal Rules of Civil Procedure. *See id.* at 6.

Magistrate Judge Evangelista found that Plaintiff's exhibits were both "incorporated by reference" and "integral to the complaint," *see* Dkt. No. 45 at 14 (collecting cases), and accordingly, in evaluating Defendants' motion to dismiss, Magistrate Judge Evangelista considered the Amended Complaint, together with the original Complaint and its attached exhibits, and recommended that Defendants' motion to dismiss be denied. *See id.* at 10, 15.

The Court agrees. A district court considering a dismissal pursuant to Rule 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint[.]" *Wilkerson v. Waffner*, No. 14-cv-469, 2015 WL 1446243, at *3 n.4 (N.D.N.Y. Mar. 30, 2015) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). In this case, as Magistrate Judge Evangelista noted, this Court concluded in its initial review of the Amended Complaint that requiring Plaintiff to re-file his Amended Complaint to include the exhibits attached to his original Complaint "would be 'an unnecessary procedural hoop that would waste resources and delay resolution of this action." Dkt. No. 45 at 9 (quoting Dkt. No. 20 at 2 n.1). Indeed, this Court noted that "[a]lthough it is well

settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that [P]laintiff intended to attach the exhibits to his [A]mended [C]omplaint."  Dkt. No. 20 at 2 n.1 (quoting *Wellington v. Langendorf*, No. 12-cv-1019, 2013 WL 3753978, at *3 n.2 (N.D.N.Y. July 15, 2013)).  Therefore, Magistrate Judge Evangelista noted that due to Plaintiff's *pro se* status, in its initial review of the Amended Complaint, this Court considered the exhibits attached to the original Complaint as incorporated by reference in the Amended Complaint.  Dkt. No. 45 at 9 (citing Dkt. No. 20 at 2 n.1); *see also Commey v. Adams*, No. 22-cv-18, 2022 WL 3286548, at *1 n.2 (S.D.N.Y. Aug. 11, 2022) ("Given [p]laintiff's *pro se* status, the Court finds it appropriate to consider any relevant facts that he raises throughout his pleadings and affidavits.").

For these same reasons, the Court continues to consider the exhibits as incorporated by reference in the Amended Complaint in evaluating Defendants' motion to dismiss.  *See, e.g.*, *Diaz v. Roberts*, No. 19-cv-6872, 2022 WL 13947504, at *6 (W.D.N.Y. Oct. 24, 2022) (considering the exhibits attached to the original complaint, which *pro se* plaintiff did not re-file with the amended complaint in a motion to dismiss for failure to exhaust administrative remedies, "apparently not for any strategic reason but simply because he had already filed them"); *see also Donhauser v. Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y. 2021) (noting that "in cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the [operative] complaint to the extent they are consistent with the allegations in the [operative] complaint") (collecting cases); *Briggs v. SCO Fam. of Servs.*, No. 16-cv-3882, 2021 WL 7209010, at *2 (E.D.N.Y. Oct. 20, 2021) (considering a *pro se* plaintiff's allegations set forth in prior complaints and their respective attachments).

Even assuming *arguendo* that Plaintiff's exhibits are not incorporated by reference, the Court may nevertheless consider them if the Amended Complaint relies heavily upon their terms

5

and effect, thereby rendering the documents integral to the Amended Complaint. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (quoting *DiFolco*, 622 F.3d at 111); *see also Solano v. New York*, No. 20-cv-1378, 2021 WL 4134793, at *3 (N.D.N.Y. Sept. 10, 2021). However, "even if a document is 'integral' to the [Amended] [C]omplaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" and "there exist no material disputed issues of fact regarding the relevance of the document." *Foreman*, 19 F.4th at 106 (quoting *DiFolco*, 622 F.3d at 111). Here, the documents that Plaintiff attached to his original Complaint, which contain, *inter alia*, notarized grievance letters and appeal letters addressed to the inmate grievance resolution committee ("IGRC"), central office review committee ("CORC"), and Superintendent, regarding the alleged September 16 and September 17, 2023 excessive force incidents, as well as a letter Plaintiff received from the Inmate Grievance Program Supervisor regarding the list of Plaintiff's grievances on file, are integral to his Amended Complaint. Given that Plaintiff affirmatively pled that he attempted to grieve his excessive force claims against Defendants, "[d]ocuments associated with th[ose] grievance[s] are, therefore, integral to and referenced in the [Amended] Complaint," and the Court may consider them. *Gunn v. Annucci*, No. 20-cv-2004, 2021 WL 1699949, at *3 (S.D.N.Y. April 29, 2021); *see also Solano*, 2021 WL 4134793, at *3 (noting that courts have found grievance documents to be incorporated by reference or integral to a complaint that alleges having filed a grievance). Moreover, Defendants do not dispute that the exhibits are integral to the Amended Complaint nor object to their accuracy, relevance, or authenticity. *See* Dkt. No. 46 at 5-7.

Accordingly, the Court denies Defendants' motion to dismiss.[2]

---

[2] In concluding that Plaintiff's exhibits were incorporated by reference and integral to the Amended Complaint, Magistrate Judge Evangelista found that it was not necessary to determine whether

### B.  Motion for Summary Judgment

Defendants also object to Magistrate Judge Evangelista's determination that summary judgment is not warranted on Plaintiff's excessive force claims.  *See* Dkt. No. 46 at 8-11. Specifically, Defendants contend that Magistrate Judge Evangelista erred in finding a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies based on Plaintiff's conclusory assertions that his excessive force grievances were not processed.  *Id.* at 10.

Prior to challenging prison conditions in federal court pursuant to 42 U.S.C. § 1983, the Prison Litigation Reform Act requires an incarcerated individual to first exhaust his available administrative remedies.  *See Ross v. Blake*, 578 U.S. 632, 635 (2016) (citing 42 U.S.C. § 1997e(a)).  Magistrate Judge Evangelista noted that in New York, administrative remedies consist of a three-tiered Inmate Grievance Program, which begins with the incarcerated individual filing a grievance within 21 calendar days of the alleged incident.  *See* Dkt. No. 45 at 22 (citing N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 7, § 701.5(a)(1)).  The grievance is initially reviewed by the IGRC; upon appeal of the IGRC's decision, it is reviewed by the facility superintendent; and upon appeal of the superintendent's decision, it is reviewed by the CORC, which makes the final administrative determination.  *See id.* at 22-23 (citing NYCRR §§ 701.5(b)-(d)); *see also Williams v. Corr. Officer Priatno*, 829 F.3d 118, 119 (2d Cir. 2016).  Additionally, Magistrate Judge Evangelista noted that grievances regarding alleged harassment are subject to expedited review, but the regulations also require that the incarcerated individual receive a response from CORC in order to exhaust administrative review.  *See* Dkt. No. 45 at 23 (citing NYCRR § 701.8(c)).

"However, prisoners are exempt from the exhaustion requirement when administrative

---

Plaintiff's exhibits are "written instruments" under Rule 10(c) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 45 at 14.  The Court agrees and likewise declines to do so here.

remedies are 'unavailable.'" *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 311 (2d Cir. 2020) (quoting *Ross*, 578 U.S. at 642). An administrative procedure is unavailable when (i) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (ii) "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use"; and (iii) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams*, 829 F.3d at 123-24 (quoting *Ross*, 578 U.S. at 633).

The failure to exhaust administrative remedies is an affirmative defense. *Id.* at 122. "Thus, first, a defendant must show that a grievance process governs the dispute at issue and that a plaintiff has failed to exhaust it" and then "[i]n response, a plaintiff can show either exhaustion or unavailability as outlined in *Ross* and its progeny." *Booker v. Flint*, No. 22-cv-600, 2025 WL 1663999, at *3 (N.D.N.Y. June 12, 2025) (citations omitted).

As an initial matter, the Court agrees with Magistrate Judge Evangelista's finding that Defendants have sufficiently demonstrated that a grievance procedure existed, and Plaintiff failed to exhaust administrative remedies related to the alleged September 16 and September 17, 2023 excessive force incidents. Dkt. No. 45 at 29 (collecting cases); *see also* Dkt. No. 34-6 at ¶¶ 26-27 (stating that DOCCS records show that Plaintiff did not file any grievances concerning the alleged use of force incidents on September 16, 2023 and September 17, 2023 and had not appealed any facility-level grievances regarding the alleged use of force incidents). Defendants raise no objections regarding this point.

Accordingly, the Court proceeds to assess whether Defendants adequately demonstrated the absence of a material factual dispute regarding the availability of the grievance process at Great Meadow.

First, the Court finds that Defendants fail to distinguish the facts of this case with the Second Circuit's decision in *Williams*. In *Williams*, the plaintiff alleged that, while he was housed in the Special Housing Unit ("SHU"), he drafted a grievance that he delivered to a corrections officer to forward to the grievance office on his behalf, but after being transferred to a different facility, he never received a response and alleged that the grievance was never filed by the corrections officer to whom he had given it. *See* 829 F.3d at 120-21. The Second Circuit held that, under those circumstances, the regulations did not adequately outline the process to appeal or otherwise exhaust administrative remedies because "[o]n their face, the regulations only contemplate appeals of grievances that were actually filed," thereby rendering Plaintiff's administrative remedies unavailable. *Id.* at 124.

"The court recognizes that an inmate-plaintiff's ability to process his grievances are curtailed to some extent while confined to the SHU." *Simpson v. Price*, No. 19-cv-1413, 2021 WL 7367083, at *9 (N.D.N.Y. Dec. 29, 2021) (citing *Rodriguez v. Cross*, No. 15-cv-1079, 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017)); *see also Blake v. Porlier*, No. 18-cv-1008, 2019 WL 7484052, at *6 (N.D.N.Y. Oct. 4, 2019) (noting that courts take into account "an inmate's housing and level of segregation from the general population . . . when determining the availability of grievance procedures"). According to the record, Plaintiff was housed in the Behavioral Housing Unit ("BHU") with a cell shield order on August 16, 2023. *See* Dkt. No. 1 at 13. Like the SHU, the BHU is a separate housing location within a correctional facility that provides services to a target population of incarcerated individuals "who have a demonstrated history of treatment resistance and poor custodial adjustment/behavior[.]" *See Allah v. Murphy*, No. 14-cv-438, 2016 WL 4401069, at *1 n.1 (N.D.N.Y. May 16, 2016), *report and recommendation adopted*, 2016 WL 4386013 (N.D.N.Y. Aug. 17, 2016), *aff'd*, 699 F. App'x 41 (2d Cir. 2017). Incarcerated

9

individuals who are housed in the BHU "would otherwise be serving a confinement sanction in a [SHU]." *Id.* Plaintiff's cell shield order was renewed on September 16, 2023, and then again, on October 9, 2023. *See* Dkt. No. 1 at 11, 13. Moreover, according to Defendants' submissions, Plaintiff continued to remain in the BHU at Great Meadow until he was transferred to a different correctional facility on December 19, 2023. *See* Dkt. No. 34-3 at 2; *see also* Dkt. No. 34-2 at ¶ 13.

Here, Plaintiff, while housed in the BHU, alleges that he drafted grievances for which he never received a response, claiming that Great Meadow "was not recording [his] grievances," and further alleges that "excessive force grievances are not processed" at Great Meadow because of the level of "gang assaults by the staff." Dkt. No. 39 at 1-2. In support of his allegations, Plaintiff submitted numerous notarized grievance letters and appeal letters addressed to the IGRC, CORC, and Superintendent, stating that he had not received a response to his grievances pertaining to the alleged use of force incidents, even after being transferred to a different facility. *See, e.g.*, Dkt. No. 1 at 30-31, 34, 39-46; *see also Johnson v. Owens*, No. 20-cv-982 (AMN/CFH), 2023 WL 5351017, at *5 (N.D.N.Y. Aug. 21, 2023) ("If an inmate is transferred to another facility while a grievance is pending, a response to the grievance shall be mailed to the inmate at the new facility." (citing NYCRR § 701.6(h)(1))). For example, in a letter dated October 31, 2023, Plaintiff stated that he still had not received a response to the grievances he wrote on September 28, October 1, and October 2, 2023, related to the alleged excessive force incidents on September 16 and September 17, 2023. Dkt. No. 1 at 26-27. "In applying *Williams*, this Court has held that it is sufficient for a plaintiff to submit a sworn statement that he gave his grievance to a correction officer, and the plaintiff is not then required to produce a greater amount of evidence than normally required of a non-movant at the summary judgment stage." *Smith v. Dodge*, No. 18-cv-1066, 2022

WL 19771697, at *9 (N.D.N.Y. Jan. 19, 2022) (internal quotation marks, citations, and brackets omitted), *report and recommendation adopted*, 2023 WL 2986826 (N.D.N.Y. Apr. 18, 2023).

Thus, viewing the facts in the light most favorable to Plaintiff, the record suggests that a question of fact exists as to whether Plaintiff attempted to submit grievances that were never filed or answered, as Plaintiff claims, or whether Plaintiff never filed any grievances, as Defendants claim. *See McLean v. LaClair*, No. 19-cv-1227, 2021 WL 671650, at *9 (N.D.N.Y. Feb. 22, 2021) (finding that defendants "failed to demonstrate the absence of a material factual dispute as to whether the grievance process . . . was 'unavailable' due to the machinations or misrepresentations of prison officials who inhibited the filing of [p]laintiff's submissions"). Accordingly, the Court concludes that Plaintiff has raised a genuine dispute of material fact that forecloses Defendants' summary judgment motion at this juncture. *See Croney v. Russell*, No. 23-cv-1188, 2025 WL 1089520, at *3 (N.D.N.Y. Feb. 25, 2025) (noting that "[s]ummary judgment is a drastic device and should not be granted when there are major factual contentions in dispute, particularly when, as here, one party has yet to exercise its opportunities for pretrial discovery" (internal quotation marks, citation, and alterations omitted)).

Magistrate Judge Evangelista found Defendants' request to conduct limited discovery regarding the issue of exhaustion to be appropriate in this case. *See* Dkt. No. 45 at 35. "[I]t is common practice in district courts across the Second Circuit to permit parties to conduct limited discovery on the issue of exhaustion in cases filed by incarcerated individuals." *Adams v. Berkman*, No. 24-cv-873, 2025 WL 2318706, at *2, 5-6 (N.D.N.Y. Aug. 12, 2025) (adopting magistrate judge's recommendation to deny summary judgment and order discovery on the exhaustion issue, followed by an exhaustion hearing, where "the record suggests that [p]laintiff's grievances were submitted, but were unfiled and unanswered, creating an issue of fact as to

whether the grievance process was available"). The Court agrees with Magistrate Judge Evangelista's recommendation.

For the foregoing reasons, Defendants' motion for summary judgment is denied.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 45, is **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Defendants' motion to dismiss, Dkt. No. 34, is **DENIED**; and the Court further

**ORDERS** that Defendants' motion for summary judgment, Dkt. No. 34, is **DENIED without prejudice**; and the Court further

**ORDERS** that the case be referred to Magistrate Judge Evangelista to facilitate the completion of discovery on the limited issue of exhaustion; and the Court further

**ORDERS** that, at such time as discovery on the exhaustion issue has been completed, Defendants shall request permission from Magistrate Judge Evangelista to file a renewed motion for summary judgment and/or hold an exhaustion hearing; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 27, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge

12